OSBORN LAW, P.C.
Daniel A. Osborn, Esq. (CSB No. 132472)
43 West 43rd Street, Suite 131
New York, New York 10036
Telephone:   (212) 725 – 9800
Facsimile:    (212) 515 – 5000

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

---

ADRIANNE CLAYTON, individually and on behalf of all others similarly situated,

            Plaintiff,

  v.

LOUIS DEJOY, Postmaster General,
UNITED STATES POSTAL SERVICE,

            Defendant.

CASE NO.  24-cv-759

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

---

Plaintiff Adrianne Clayton ("Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

## NATURE OF ACTION

1. This is a collective action brought on behalf of all current and former postal police officers ("PPOs") of the United States Postal Service (the "Postal Service"). Plaintiff alleges that the Postal Service discriminated against her and other PPOs by failing to provide PPOs, who are

1
CLASS ACTION COMPLAINT

predominately Black and Hispanic, with access to the Self-Referral Counseling Program in violation of Title VII of the Civil Rights Act of 1964.

2. Plaintiff seeks to represent: All current and former non-white PPOs employed by the Postal Service between March 24, 2008 and the date of the resolution of this Complaint.

## PARTIES

3. Plaintiff Adrianne Clayton is a PPO employed by the Postal Service.

4. Defendant Postal Service, owns, controls and provides postal and mail service throughout the United States, including California.

## JURISDICTION AND VENUE

5. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367, 39 U.S.C. § 409(a), and 29 U.S.C. § 216(b).

6. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of defendant's activity occurred in this district and because defendant Postal Service resides within this district.

7. Plaintiff Adrianne P. Clayton exhausted her administrative remedies at the Equal Employment Opportunity Commission ("EEOC"). This Complaint is being filed within 90 days of Ms. Clayton's receipt of the EEOC Notice of Right to sue.

## COLLECTIVE ACTION ALLEGATIONS

8. This action is brought as a collective action under 42 U.S.C. §§ 2000e *et seq*.

9. Plaintiff Clayton asks the Court to authorize the sending of notice to all current and former PPOs employed by the Postal Service between March 24, 2008 and the date of the

resolution of this Complaint, informing them of the pendency of this action and their ability to join this lawsuit.

10. Plaintiff believes that the Postal Service employs approximately 1200 similarly situated PPOs throughout the United States. With approximately 1200 PPOs geographically dispersed, joinder of all PPOs is impracticable.

11. All current and former PPOs share a common legal grievance against the Postal Service. As described in this Complaint, all PPOs have suffered damages arising out of the Postal Service's failure to provide PPOs access to the Self-Referral Counseling Program (SRCP), which is paid for by the Postal Service, while providing the SRCP to Postal Inspectors at the Postal Service's expense.

12. Questions of law and fact are common to all PPOs making them all similarly situated. Among the common questions of law and fact are the following:

13. Whether the Postal Service, based on race, is providing a benefit to Postal Inspectors, who are predominately white, that is denied to PPOs, who are predominately black and Hispanic.

## FACTS

14. In 2007, Ms. Clayton was involved in a near-fatal traffic accident while on duty as a Postal Police Officer. As a result of the accident, Ms. Clayton suffered significant physical injuries and developed a severe case of post-traumatic stress disorder, or PTSD. Because of both her physical and psychological injuries, Ms. Clayton has been unable to return to work. Ms.

Clayton received physical therapy for a number of years and she continues to receive psychological counseling to this day.

15. The Postal Service provides a psychological counseling program to United States Postal Inspectors ("PIs" or "Inspectors") that it does not provide to PPOs. That program is called the "Self-Referral Counseling Program," or SRCP. The hallmark of the SRCP program is that participation is anonymous: Inspectors are able to "self-refer" to the program and unless they tell someone that they are receiving counselling, no one knows, not even their work colleagues.

16. The SRCP is not automatically available to PPOs. Instead, PPOs are required to obtain approval from the Assistant Chief Inspector to participate in the SRCP. And such approval is not guaranteed. Because PPOs must ask for permission to utilize the SRCP, their participation in the program, even if authorized, is not anonymous.

17. The SRCP provides Inspectors with up to 20 free counseling sessions with licensed psychologists, who have been vetted, and who have experience working with law enforcement personnel and their families.

18. On the other hand, through the Employee Assistance Program ("EAP"), PPOs basically have access to social workers. Given the kinds of problems affecting Inspectors and PPOs, there can be no dispute that licensed psychologists with law enforcement experience are more effective.

19. Consequently, if a PPO wants equivalent treatment, the PPO has to conduct his or her own search for providers, vet those providers, and seek treatment through his or her own insurance.

20. The limited self-referral benefit for PPOs is found in the Postal Inspection Service Manual, which is not readily available to Postal Police, and the Postal Service does not inform Postal Police that they can request authorization to participate in the program.

21. Although the Postal Inspection Service Manual states that the Assistant Chief Inspector may authorize participation by PPOs, the Manual does not provide any guidance or information explaining how PPOs are supposed to obtain such authorization.

**FIRST CLAIM FOR RELIEF**
**Disparate Impact Discrimination**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*.)**
**(On Behalf of Plaintiff and the Class)**

22. Plaintiff incorporates the preceding paragraphs as alleged above.

23. This claim is brought by Plaintiff on behalf of herself and the Class she seeks to represent.

24. Plaintiff has timely filed a charge with the EEOC and has thus exhausted her administrative remedies.

25. The Postal Service's reliance on illegitimate and unvalidated systems and criteria to evaluate employee performance, set compensation, and select individuals for promotion, and determine other terms and conditions of employment, have an adverse impact on female technical employees in violation of Title VII and are not, and cannot be, justified by business necessity. Even if such system and/or policies could be justified by business necessity, less discriminatory alternatives exist and would equally serve any alleged necessity.

26. The Postal Service has maintained this discriminatory policy, pattern, and/or practice both within and outside the liability period in this case.

27. As a direct result of the Postal Service's discriminatory policies and/or practices as described above, Plaintiff and the Class have suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

28. The foregoing policies, patterns, and/or practices have an unlawful disparate impact on non-white PPOs in violation of 42 U.S.C. §§ 2000e et seq.

29. Plaintiff requests relief as hereinafter described.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against defendant Postal Service as follows:

A. For an order authorizing this action to proceed as a collective action and authorizing plaintiff to give notice to all similarly situated current and former PPOs of the pendency of this action;

B. Designation of plaintiff Clayton as representative of the Class;

C. Designation of Plaintiff's counsel of record as Class Counsel;

D. A declaratory judgment that the practices complained of herein are unlawful and violate 42 U.S.C. §§ 2000e, et seq.;

E. A preliminary and permanent injunction against the Postal Service and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, from engaging in policies, patterns, and/or practices that discriminate against Plaintiff or the Class because of their race or participation in this lawsuit;

F.   An order that the Postal Service institute and carry out policies, practices, and programs that provide equal employment opportunities for all PPOs regardless of race, and that it eradicate the effects of their past and present unlawful employment practices;

G.   For compensatory damages in favor of the PPOs against Defendant;

H.   For pre- and post-judgment interest;

I.   For costs and disbursements incurred in connection with this action, including reasonable attorneys' and experts' fees;

J.   For an order awarding plaintiff Clayton an amount to be determined at trial, as a result of her efforts in bringing this litigation; and

K.   For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, on behalf of herself and all others similarly situated, demands a trial by jury on all issues so triable.

Date:   January 27, 2024

**OSBORN LAW, P.C.**

 /s/Daniel A. Osborn
Daniel A. Osborn, Esq. (CSB No. 132472)
43 West 43rd Street, Suite 131
New York, New York 10036
Telephone:   (212) 725 – 9800
Facsimile:   (212) 515 – 5000

7
CLASS ACTION COMPLAINT